UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL D. HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16 CV 1734 CDP |
| | ) |
| WALMART, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On September 13, 2017, I granted defendant Walmart, Inc.'s motion to compel and awarded it the costs and fees of bringing that motion. Walmart then filed a verified statement of attorneys' fees with a supporting affidavit. Plaintiff Crystal Hicks filed no objection to the statement. On October 11, 2017, I awarded attorneys' fees in the amount of $1005, as requested by Walmart. Almost one month later, Hicks – who was granted *in forma pauperis* status in this case – filed a motion for reconsideration in which she stated that payment of the $1005 award would create an extreme hardship for her. Walmart argues that there are no grounds for reconsideration of my ruling. It also submits copies of Hicks' pay records which question the accuracy of her financial statements to the Court. Because I find that no extraordinary circumstances exist to justify a change to my previous award of attorneys' fees, plaintiff's motion to reconsider will be denied.

Hicks cites no legal support for her motion; however, Federal Rule of Civil Procedure 54(b) permits the district court to "exercise its general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment." *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 857 (8th Cir. 2008) (internal citations omitted). Under Rule 54(b), I may amend or reconsider any of my rulings in order "to correct any clearly or manifestly erroneous findings of facts or conclusions of law." *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) (internal citations and quotation marks omitted). Although I have the power to revisit my prior decisions, I "should be loathe to do so" in the absence of extraordinary circumstances. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). The Court "has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *Trickey v. Kaman Indus. Techs. Corp.*, No. 1:09CV26 SNLJ, 2011 WL 2118578, at *2 (E.D. Mo. May 26, 2011).

Here, Hicks states that payment of the $1005 award amount would constitute "a significant and extreme hardship to the plaintiff as it would take two weeks for her to earn such an amount." In support of this assertion, she attaches her sworn affidavit. Although Hicks does not propose a different award amount, she requests

that the Court reconsider the amount, or in the alternative, that the Court "allow for the incremental payment of the award in monthly increments." ECF No. 41 at 2.

Walmart opposes reconsideration of the award amount and provides copies of Hicks' resume and pay records, which were obtained through discovery. These records demonstrate inconsistencies between the total amount of income Hicks claimed on her financial affidavit submitted in support of her motion for *in forma pauperis* (ECF No. 3), the income on her sworn statement in support of the motion to reconsider (ECF No. 41 at 3), and her earnings as listed on the pay records (ECF No. 43-1 to 4).

As to Hicks' request for reconsideration of the $1005 award, there is nothing in the record to indicate a clear or manifestly erroneous finding of fact or conclusion of law in my previous order. Hicks' motion does not even argue that such an error exists. The legal standard for a Rule 54(b) revision of my previous ruling has not been met. No extraordinary circumstances exist here that would justify a change to my previous award of attorneys' fees. I cannot find Hicks' extreme hardship argument credible given the inconsistencies in the financial records and her own statements. As to Hicks' alternative request for a payment plan, Walmart did not respond to this request in its brief but I believe the parties could negotiate such terms on their own.

Moreover, I am very concerned about the accuracy of Hicks' financial statements to the Court. When she initially filed this case in November 2016, she submitted a financial affidavit which stated that she only earned $920 per month in a part-time position with Preferred Family Healthcare. ECF No. 3. Yet, Hicks' resume seems to indicate that she had two different employers at that time: Preferred Family Healthcare and St. Louis University Hospital. ECF No. 42-1. Also the pay stubs filed by Walmart show that Hicks' Hospital earnings were almost two thousand dollars every two-weeks, in the month prior to the submission of her financial affidavit. ECF No. 43-2 at 12-13. This is four times the amount Hicks declared when seeking *in forma pauperis* status. The Court reminds Hicks of her duty under Local Rule 2.05(b), as a petitioner who was granted leave to proceed *in forma pauperis*, to "promptly notify the Court in writing of any change in his or her financial status. Failure to so notify may result in dismissal of the case or other sanctions."

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Crystal Hicks' motion for reconsideration [41] is **DENIED**.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2017.